UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JEREMIAH THOMPSON,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendants.

Civil No. 15-2621 (NLH)

OPINION

---

**APPEARANCES**:

JEREMIAH THOMPSON
1 WASHINGTON AVE
CHESILHURST, NJ 08089
    Appearing *pro se*

CATHERINE ELISABETH HAMILTON
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
PHILADELPHIA, PA 19123
    On behalf of defendant

**HILLMAN, District Judge**

    On April 22, 2015, Plaintiff, appearing *pro se,* filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Supplemental Security Income ("Social Security benefits") under Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq.  Plaintiff filed the application for benefits on behalf of his minor daughter, D.T.,

for an alleged onset of disability of August 26, 2010.[1] After a hearing on April 16, 2013, and the submission of additional medical records, the Administrative Law Judge ("ALJ") denied the application on July 26, 2013. The Appeals Council denied Plaintiff's request for review on February 3, 2015, which caused the decision of the ALJ to be the Commissioner's final decision. Plaintiff has timely filed his appeal with this Court for judicial review. For the reasons expressed below, the decision of the Commissioner will be affirmed.

## DISCUSSION

For a child under the age of eighteen to be considered disabled and eligible for SSI under the Social Security Act, she must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or

---

[1] A parent who is not a lawyer cannot represent his child in federal court, see Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991), but a parent may be permitted to proceed when the parent's own interests are at stake, such as in cases seeking judicial review of the denial of a minor child's social security benefits application, Price v. Barnhart, 129 F. App'x 699, 700 (3d Cir. 2005) (citing Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002) ("Where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney."))(other citation omitted).

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner applies a three-part sequential analysis to evaluate whether a child is disabled and eligible for SSI:

(1) If the child is doing substantial gainful activity, the Commissioner will determine that the child is not disabled. Moreno v. Comm'r of Soc. Sec., 199 F. App'x 178, 179 (3d Cir. 2006) (citing 20 C.F.R. § 416.924(a)).

(2) If the child is not working, the Commissioner will determine whether the child's impairment is severe. Id.

(3) If the impairment is severe, the Commissioner must determine whether the impairment "meets, medically equals, or functionally equals the listings." Id.

In this case, Plaintiff's daughter was born on April 18, 2006 and, given her age, was not working as of the date of her alleged onset of disability, August 26, 2010. The ALJ determined that D.T.'s asthma, speech/language delay, and attention deficit hyperactivity disorder ("ADHD") were severe. The ALJ found, however, that D.T.'s impairments did not meet the medical equivalence or functional equivalence criteria of the listings.

For the ALJ's decision as to medical equivalence, the ALJ observed that over the last three years, D.T. did not require

3

physician intervention for an acute asthma exacerbation at least once every two months or at least six times a year, and that thanks to the positive use of Flovent and Ventolin, the child did not experience persistent low-grade wheezing. The ALJ also found that the record did not support a finding of a listing-level growth impairment. The ALJ found that D.T.'s speech/language delay did not result from a medically determinable neurological impairment, somatoform disorder, or autistic disorder, and it did not relate to a loss of hearing. As for D.T.'s ADHD, the ALJ found that the record did not support a finding of a marked limitation in at least two areas of functioning, such as cognitive/communicative function, social functioning, personal functioning, and concentration, persistence, or pace. (R. at 23-24.)

With regard to the determination as to whether D.T.'s functioning met the listings criteria, the ALJ determined that D.T. had a "less than marked" limitation for acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for herself, and health and physical well-being. (R. at 27-37.)

In his appeal, D.T.'s father disputes the ALJ's findings. Plaintiff contends that D.T. is severely psychologically impaired, has significant developmental delays, she cannot

4

control her bladder, and she requires around-the-clock care. Plaintiff argues that the ALJ did not properly consider the record evidence in making his decision and improperly disregarded the consultative report of a state agency psychologist. (Docket No. 11.)

A decision by the Commissioner will be affirmed if it is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasoning mind might accept as adequate to support a conclusion. Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980); 42 U.S.C. § 405(g). The Court finds that the ALJ's decision in this case is supported by substantial evidence.

The ALJ issued a comprehensive decision that meticulously details the standards for evaluating D.T.'s claims, as well as the record evidence to support his findings. In assessing D.T.'s medical and functional limitations, the ALJ properly considered the chronology of D.T.'s conditions, her treatments, and her special education services in tandem with the reports of D.T.'s teachers, doctors, and the testimony of Plaintiff. The ALJ properly articulated why he provided less weight to certain evidence, including the report of the consultative psychologist and Plaintiff's testimony, and afforded more weight to other evidence, such as the medical records and statements from D.T.'s teachers. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted) ("When a conflict in the evidence

5

exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.  The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."); see also Diaz v. Commissioner, 577 F.3d 500, 505-06 (3d Cir. 2009) ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another.").

Most of the description and complaints about D.T.'s condition has come from Plaintiff.[2]  Plaintiff's depiction of his daughter's health and behavior, at least as of July 2013,[3] is not supported by the evidence in the record before the ALJ.  The ALJ determined that Plaintiff's statements about D.T. to various interested parties, such as doctors, teachers and evaluators, as well as his testimony at the hearing before the ALJ, were contradictory and not corroborated by the evidence in the record.  For example, where Plaintiff describes D.T. as acting out, being disrespectful in school, and having social problems, D.T.'s teacher for the proceeding seven months did not report

---

[2] The ALJ attributed several of D.T.'s conditions to her "uncertain daily existence," as she missed a great deal of school when she was "shuttled from a shelter (with Mr. Thompson) to the 'even more chaotic' home of her mother." (R. at 35.)

[3] The Appeals Council informed Plaintiff that if he wanted the Commissioner to consider evidence after July 26, 2013, Plaintiff would have to apply again for benefits with that alleged onset date.  (R. at 2.)

any of this behavior, particularly when D.T. took the medication Adderall.  (R. at 32.)  In his decision, the ALJ provides many other instances of discrepancies between Plaintiff's testimony and the record evidence.  An ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony.  <u>Snedeker v. Comm'r of Social Security</u>, 244 F. App'x 470, 474 (3d Cir. 2007) (citing <u>Schaudeck v. Comm'r of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p).  The ALJ properly did so here.

## **CONCLUSION**

The Third Circuit has instructed that "an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests" in order for the appellate court to perform its statutory function of judicial review.  <u>Cotter v. Harris</u>, 642 F.2d 700, 704-05 (3d Cir. 1981).  The ALJ's decision in this case provides a "clear and satisfactory" explanation to support his finding that the seven-year-old D.T. was not disabled as of July 2013.  Accordingly, this Court must affirm the ALJ's decision.

An appropriate Order will be entered.


Date:   April 28, 2016             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.